IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LUKE ADAM STANTON, SR. | § | |
| VS. | § | CIVIL ACTION NO. 1:19-cv-379 |
| GRACE N. EKEKE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Luke Adam Stanton, Sr., an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights lawsuit. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Grace N. Ekeke, Stephanie A. Lute and April Clark remain as Defendants in this matter. The remaining claim is that Defendants retaliated against Plaintiff by limiting his access to the law library. Pending before the court is a Motion for Summary Judgment filed by Defendants. (Doc. #41.)

Factual Allegations

In his Complaint (doc. #2), and his Brief in Support of the Complaint (doc. #3), Plaintiff alleges that on January 19, 2016, he submitted a written request asking for permission to go to the law library. He states that during January, most of February and most of March, he received permission to go to the law library on a daily basis. However, during the last week of March, Plaintiff asserts that he was either refused permission to go to the law library or his sessions there were limited.

Plaintiff asserts that on April 6, he heard Defendants Lute and Clark talking about the cases of other inmates. He states he reported this to Sergeant Harmon. On April 6, Plaintiff filed a Step 1 grievance concerning access to the law library.

Plaintiff states that on April 12, after he had been denied access to the law library on April 7, 8, 11 and 12, he filed a second Step 1 grievance. He alleges that on April 13, as he was entering the law library, Defendants Clark and Lute made remarks about him going to the law library every day.

Plaintiff asserts that on April 19, prior to an extra time session in the law library, Defendant Clark mocked him. She told Officer Simon they needed to stop talking or else Plaintiff would write a grievance about them.

On April 21, Plaintiff did not receive a pass allowing him to attend the same law library session as inmate Green. Sergeant Crossland verified with someone in the law library that Plaintiff was on the schedule and wrote a pass permitting Plaintiff to attend the same session as inmate Green. When he arrived at the library, Defendant Ekeke asked him why he had a pass to the law library as he was not on the "courtroom pass roster sheet." Plaintiff explained that Sergeant Crossland had written him a pass.

## The Motion for Summary Judgment

In support of their Motion for Summary Judgment, Defendants have provided the court with copies of certain grievances filed by Plaintiff, as well as records showing which inmates attended sessions at the law library. Attached to the grievances and records submitted by Defendants are business records affidavits.

Defendants note Plaintiff states his access to the law library was limited because of a grievance he filed on April 6, 2016, He contends that as a result of the grievance, he was denied a pass to the law library on April 7, 8, 11 and 12, and denied a pass to attend the same law library session as inmate Green on April 21. Defendants state the law library's records show Plaintiff attended law library sessions on April 6, 8 and 13 (doc. #41-2, pp. 3-5.), and that he attended the same library session as inmate Green on April 21 (doc. #41-2, p. 6.). Defendants assert that as a result, the only dates in question regarding Plaintiff's access to the law library are April 7, 11 and 12.

Defendants state that the grievance Plaintiff filed on April 6 (doc. #41-1, pp. 5-6) was returned to Plaintiff because he had not tried to informally resolve the issue. Defendants state that as a result, no investigation or action concerning this grievance was initiated. Defendants state Plaintiff submitted another grievance on April 12 (doc. #41-1, pp. 7-8). Defendants Lute and Clark wrote statements on April 13 regarding this grievance (doc. #41-1, pp. 11-12). Defendants contend Plaintiff cannot show he was denied access to the law library on April 7, 11 and 12 as a result of the grievance he wrote on April 12.

Defendants contend that as there is no evidence demonstrating they saw a grievance filed by Plaintiff until April 13, Plaintiff has failed to demonstrate his not attending law library sessions on April 7, 8, 11 and 12 was due to a retaliatory motive on their part. Defendants also assert that with respect to the law library sessions on these dates, as well as the law library session with inmate Green on April 21, Plaintiff has not established he suffered a sufficiently adverse act concerning these law library sessions.

<u>Standard of Review</u>

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

At the summary judgment stage of the proceedings, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this burden, "the non-moving party must show that summary judgment is appropriate by setting forth specific facts showing the existence of a genuine issue concerning every component of its case." *Rivera*, 349 F.3d

at 247. The nonmovant's burden at this stage "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## Analysis

### *Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Evaluating qualified immunity is a two-step process. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). First, the court must determine whether a plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736. Then, if a constitutional right was violated, the court must determine whether the right was clearly established at the time of the violation. *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). A specific right is clearly established only if its contours "are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir. 2000).

"A qualified immunity defense alters the usual summary judgment burden of proof." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Once government officials assert the defense of qualified immunity, the burden shifts to the plaintiff to "rebut the defense by establishing that the allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness" of the conduct. *Gates v. Tex. Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 419 (5th Cir. 2008).

*Retaliation*

"An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act when taken for a different reason might have been legitimate." *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). This includes a prisoner's First Amendment right to file grievances concerning his treatment, as retaliation has the potential to discourage a prisoner from exercising that right. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). However, retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Bibbs v, Early*, 541 F.3d 267, 270 (5th Cir. 2008).

To establish a retaliation claim, an inmate must prove: (1) he was exercising a specific constitutional right; (2) a defendant intended to retaliate against the inmate for exercising that right; (3) a retaliatory adverse act by a defendant and (4) causation. *Morris*, 449 F.3d at 684. Conclusory allegations regarding motive are insufficient to establish a retaliation claim. *Woods*, 60 F.3d at 1166. The inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004).

*Application*

Plaintiff states he was forced to miss law library sessions on April 7, 8, 11 and 12 because Defendants were retaliating against him for filing a grievance. However, he has produced no evidence demonstrating Defendants acted with a retaliatory motive. Plaintiff has put forth no direct evidence demonstrating he missed these sessions as a result of a retaliatory motive on the part of Defendants. Further, Plaintiff has produced no evidence demonstrating Defendants were aware of his grievances until April 13, after the dates of the missed law library sessions. He has therefore failed to allege a chronology of events from which a retaliatory motive could be plausibly inferred.

In addition, Plaintiff has failed to show there was a sufficiently adverse retaliatory act by Defendants which was motivated by a desire to retaliate against him. The relevant question

regarding this point is whether the adverse act described by Plaintiff rose to the level of a constitutional violation. *Morris*, 449 F.3d at 684. To establish a constitutional violation, an inmate must show he suffered a qualifying adverse retaliatory act. *Id*.

In *Jones v. Greninger*, 188 F.3d 322, 325-26 (5th Cir. 1999), the United States Court of Appeals for the Fifth Circuit affirmed the dismissal of a claim that an inmate's access to the law library had been restricted in retaliation for filing grievances. The court stated that even if retaliatory intent were properly alleged, the retaliatory adverse act–limiting access to the law library- did not rise to the level of a constitutional violation.

Like the inmate in *Jones*, Plaintiff alleges Defendants restricted his access to the law library in order to retaliate against him for filing grievances. *Jones* establishes Plaintiff has failed to allege a qualifying adverse retaliatory act by Defendants. Plaintiff has therefore failed to establish the alleged retaliatory adverse act rose to the level of a constitutional violation.[1]

For the reasons set forth above, there is no genuine dispute of material fact with respect to the second and third elements of Plaintiff's cause of action. As Plaintiff has failed to demonstrate Defendants violated a constitutional right, they are entitled to qualified immunity. Their Motion for Summary Judgement should therefore be granted.

## Recommendation

The Motion for Summary Judgment filed by Defendants should be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual

---

[1] Plaintiff acknowledges that as a result of the actions of Sergeant Crossland he was able to attend the same law library session as inmate Green on April 21. As Plaintiff was able to attend this session, any actions taken by Defendants to prevent him from attending the session did not constitute a qualifying adverse retaliatory act.

findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 18th day of July, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE