IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LUKE ADAM STANTON, SR. | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv379 |
| GRACE N. EKEKE, ET AL. | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Luke Adam Stanton, Sr. proceeding *pro se*, filed the above-styled lawsuit pursuant to 42 U.S.C. § 1983. The Court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable orders of this Court.

In his remaining claim, plaintiff alleges defendants Grace N. Ekeke, Stephanie A. Lute and April Clark retaliated against him by denying him access to the law library. The defendants have filed a motion for summary judgment. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion be granted.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Plaintiff filed objections to the Report and Recommendation. The Court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Plaintiff alleges that on April 6, 2016, he filed a grievance concerning access to the law library. He also told Sergeant Harmon that Defendants Lute and Clark were talking about the cases of other inmates. Plaintiff states he was denied access to the law library on April 7, 8, 11 and 12. He then filed another grievance. On April 13, Defendants Lute and Clark said something to him regarding his being in the law library every day.

Plaintiff further alleges that on April 19, Defendant Clark mocked him and told Officer Simon they needed to stop talking because plaintiff would write a grievance about them. In addition, on April 21, plaintiff did not receive a pass which would have allowed him to attend the

same law library session as inmate Green. He was only permitted to attend the session because Sergeant Crossland wrote him a pass.

In her Report and Recommendation, the magistrate judge stated plaintiff failed to submit any evidence showing he missed law library sessions on April 7, 8, 11 and 12 in retaliation for filing a grievance. She stated plaintiff failed to show the defendants were aware of the grievance until April 13, after the dates he was not permitted to go to the law library. The magistrate judge, relying on *Jones v. Greninger*, 188 F.3d 322, 356 (5th Cir. 1999), further concluded that even if plaintiff had demonstrated the defendants acted with a retaliatory motive, their retaliatory act, denying plaintiff access to the law library, did not rise to the level of a constitutional violation. As a result, the magistrate judge concluded there was no genuine dispute of material fact concerning two elements of plaintiff's cause of action.

"To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against a prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cr. 1998). The prisoner is required to show that, but the retaliatory motive, the retaliatory act would not have occurred. *Id*. A plaintiff must support a claim of retaliation with either direct evidence of a claim of retaliation, or a chronology of events from which retaliation can be inferred. *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995).

Initially, plaintiff asserts his claim is broader than his not being allowed to go to the law library on four dates in April. He states he was also denied access to the law library on seven dates in May, June, July and August. However, even if plaintiff's claim is construed to include being denied access on these additional dates, he has still failed to create a genuine issue of material fact[1] as to whether the defendants acted with a retaliatory motive. Plaintiff has failed to show it was the defendants who denied hm access on these additional dates. Nor has plaintiff shown either direct

---

[1] Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant a motion for summary judgment if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law."

evidence of retaliation or alleged a chronology of events from which a retaliatory motive could be plausibly inferred.

Next, plaintiff faults the magistrate judge for accepting the evidence submitted by the defendants as true and not accepting his evidence as true. However, the magistrate judge's recommendation that the motion for summary judgment be granted was not based on the resolution of any dispute of material fact. Instead, the recommendation was based on her conclusion that plaintiff had failed to create a genuine dispute of material fact with respect to two of the elements of his cause action.[2]

The Court notes that in his objections, plaintiff does not contest the magistrate judge's conclusion that restricting plaintiff's access to the law library did not constitute a retaliatory adverse act that rose to the level of a constitutional violation. As the magistrate judge stated, *Jones, supra*, states that restricting access to the law library does not state a constitutional violation and is therefore insufficient to form the basis for a claim of retaliation. Accordingly, the magistrate judge's conclusion on this point would be enough to entitle the defendants to summary judgment.

Further, plaintiff's relation claim has been construed as alleging he was denied access to the law library in retaliation for filing grievances. In his objections, plaintiff indicates this claim has been misconstrued. Plaintiff notes his allegations that on April 6, defendants Lute and Clark were discussing the fact that some inmates had been convicted of selling controlled substances in a school zone. He states defendant Clark said she was not going to take legal materials to an inmate convicted of that type of offense. On pages 2, 3 and 5 of his objections, plaintiff states he believes he was denied access to the library because defendants Lute and Clark believed he had been convicted of a similar offense.

---

[2] At points in his objections, plaintiff states the magistrate judge did not accept his assertion that the defendants failed to schedule him for a library session with inmate Green on April 21. What occurred on April 21 is discussed on page 2 and in footnote 1 of the Report and Recommendation. The Court believes the magistrate judge clearly stated plaintiff was only permitted to attend the session on April 21 because Sergeant Crossland intervened on his behalf. Regardless, the Court assumes the defendants did not schedule plaintiff for the session on April 21.

These statements are fatal to plaintiff's claim.  As stated above, a claim of retaliation must be based on a defendant retaliating against a plaintiff for exercising a constitutional right.  Filing a grievance is an exercise of a prisoner's rights under the First Amendment.  *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006).  However, plaintiff does not have a constitutional right to commit a particular crime.  As plaintiff now states he was denied access to the law library because the defendants objected to the crime they believed led to his incarceration, he was not denied access for exercising a constitutional right.  Plaintiff has therefore failed to state a claim of retaliation and the defendants are also entitled to summary judgment on that basis.

## ORDER

Accordingly, plaintiff's objections [Dkt. 53] are OVERRULED.  The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge [Dkt. 44] is ACCEPTED.  The motion for summary judgment (Dkt. 41) is GRANTED.  A final judgment shall be entered dismissing this lawsuit.

**SIGNED this 8th day of September, 2022.**

Michael J. Truncale
United States District Judge